# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EDWARD A. BROOKS and CATHERINE Z. BROOKS,

        **Plaintiffs,**

-vs-                              Case No. 6:10-cv-821-Orl-31GJK

SUNTRUST BANK MORTGAGE, INC., SUNTRUST BANK, and PREMIER CONSTRUCTION, INC.,

        **Defendants.**

## ORDER

This matter came before the Court without oral argument upon consideration of Defendants', SunTrust Bank Mortgage, Inc. ("SunTrust Mortgage") and SunTrust Bank ("SunTrust Bank") (collectively, "Defendants"), Amended Motion to Dismiss (Doc. 25) and Plaintiff's, Edward and Catherine Brooks (the "Plaintiffs"), response in opposition thereto (the "Response") (Doc. 35).

**I. Overview**

On May 10, 2010, Defendant SunTrust Mortgage initiated a foreclosure action in state court against Plaintiffs.[1] (Doc. 5 at 1). Thereafter, Plaintiffs brought the instant lawsuit in federal court alleging, *inter alia*, that Defendants violated the Racketeer Influenced and Corrupt

---

[1] *See SunTrust Mortg., Inc. v. Brooks et al.*, Case No. 10-CA-3470-14-L (Fla. 18th Cir. Ct. 2010).

Organizations Act (Counts I and II),[2] the Fair Debt Collection Practices Act (Count III),[3] and the Truth in Lending Act (Count VII)[4] in connection with Plaintiffs' home construction loan. (Doc. 18).[5]

In their Motion, Defendants contend that Plaintiffs' federal claims should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).[6] (Doc. 25 at 3).

For the reasons, *infra*, Defendants' Motion will be granted. Plaintiffs predicate subject matter jurisdiction pursuant on 28 U.S.C. §§ 1331 and 1367.[7] (Doc. 18, ¶¶ 1-2).

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto.

---

[2] *See* 18 U.S.C. § 1961 *et seq*. [hereinafter "RICO"].

[3] *See* 15 U.S.C. § 1692 *et seq*. [hereinafter the "FDCPA"].

[4] *See* 15 U.S.C. § 1601 *et seq*. [hereinafter "TILA"].

[5] Plaintiffs' Amended Complaint also asserts five state law claims (including claims for fraud, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and violation of FLA. STAT. § 713.06(2)). (Doc. 18).

[6] Defendants also contend that Plaintiffs' state law claims should be dismissed or, in the alternative, the Court should decline to exercise supplemental jurisdiction over same. (Doc. 25 at 3).

[7] While the amount in controversy in this case exceeds $75,000, Plaintiffs and Defendant Premier Construction, Inc. are each citizens of the State of Florida. (Doc. 18, ¶ 4); Florida Department of State, Division of Corporations, Document Searches, Corportion . . . Inquire by Entity Name, Premier Construction, Inc., http://www.sunbiz.org/scripts/cordet.exe?action=DETFIL&inq_doc_number=P98000015918&inq_came_from=NAMFWD&cor_web_names_seq_number=0000&names_name_ind=N&names_cor_number=&names_name_seq=&names_name_ind=&names_comp_name=PREMIERCONSTRUCTION&names_filing_type= (last visited August 24, 2010). Accordingly, the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

**III. Discussion**

<u>Counts I and II – Civil Conspiracy in Violation of RICO</u>

The civil provision of the federal RICO statute provides a private right of action to "[a]ny person injured in his business or property by reason of a violation" of RICO's criminal prohibitions. 18 U.S.C. § 1964(c). Accordingly, to state a civil RICO claim, a plaintiff must

allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000). Furthermore, a plaintiff must identify a pattern of racketeering activity by alleging at least two predicate acts of racketeering within a ten year period. *Id*. "[R]acketeering activity [is] any activity which is indictable under a lengthy list of criminal offenses, including any act or threat involving murder, kidnaping, gambling, arson, robbery, extortion, bribery, mail fraud, wire fraud, counterfeiting, etc." *Id*. "[T]o survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007).

Upon review, the Amended Complaint fails to adequately allege (much less even identify or plead) at least two predicate criminal offenses in support of Plaintiffs' RICO claims. Although Plaintiffs contend in their Response that Defendants "deceiv[ed] and defraud[ed] the United States of America by making loans through a straw lender to avoid the federal capital reserve requirements" and "defraud[ed] borrowers" (Doc. 35 at 5), these acts are not pled as federal criminal violations. To state a viable RICO claim, Plaintiffs must identify the specific federal criminal statute(s) that Defendants violated (or conspired to violate), and plead facts sufficient to support each of the elements of same. This they have clearly failed to do. Accordingly, Counts I and II will be dismissed without prejudice.

Count III – Violations of Fair Debt Collection Practices Act

Only a "debt collector" may be subject to civil liability for violating the FDCPA. 15 U.S.C. § 1692k. Under the FDCPA, however, a "debt collector" specifically does *not* include:

> [A]ny officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

-4-

> [A]ny person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts; [and]. . . .
>
> [A]ny person [– other than a person who in the process of collecting his own debt uses any name other than his own –] collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6).

The Amended Complaint asserts that SunTrust Bank was the actual "funding source of the transactions with Mr. and Mrs. Brooks" (i.e., SunTrust Bank was Plaintiffs' lender) and that SunTrust Mortgage Company, Inc. was simply a "*purported* originating lender" (i.e., SunTrust Mortgage Company, Inc. was merely a "straw lender" that the bank used to avoid federal capital reserve requirements).  (Doc. 18, ¶¶ 6-7 and 48(a)-(b)) (emphasis added).

In their Response, Plaintiffs apparently concede that, based on the allegations in the Amended Complaint, SunTrust Bank is their creditor. (Doc. 35 at 6).  They contend, however, that SunTrust Mortgage, Inc. "is a third party and not the creditor, thereby subjecting them [sic] to liability under the FDCPA."  (Doc. 35 at 6).

Upon review, Count III fails to state a claim that is plausible on its face.  Notwithstanding the fact that SunTrust Mortgage, Inc. is clearly disclosed as the lender on the face of Plaintiffs' promissory note, mortgage, construction loan agreement and loan modification agreement, (Docs. 25-1 through 25-4), SunTrust Mortgage, Inc. is a wholly-owned subsidiary of SunTrust Bank[8] and

---

[8] SunTrust Mortgage, Inc., A Profile of SunTrust Mortgage, http://www.stmcareers.com/about/whoweare.asp ("SunTrust Mortgage, Inc. is a wholly-owned subsidiary of SunTrust Bank. . . .) (last visited August 24, 2010).

would therefore be a "person . . . acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control" under the FDCPA.  15 U.S.C. § 1692a(6)(B).  Accordingly, neither SunTrust Bank nor SunTrust Mortgage, Inc. is a "debt collector" within the meaning of the FDCPA and Count III fails to state a claim that is plausible on its face.

<u>Count VII – Rescission Under the Truth in Lending Act</u>

As Defendants note in their Motion, a residential mortgage transaction is not subject to rescission under TILA.[9]  *See* 12 C.F.R. §§ 226.23(f)(1) and 226.2(a)(24); *see also*, *e.g.*, *Perkins v. Cent. Mortg. Co.*, 422 F. Supp. 2d 487 (E.D. Pa. 2006) (exhaustively reviewing TILA and concluding that a loan to complete the construction of a plaintiff's principal dwelling is a non-rescindable "residential mortgage transaction" under TILA).  Accordingly, Count VII fails to state a claim upon which relief can be granted.

## IV.  Conclusion

Plaintiffs' Amended Complaint fails to state any federal claim upon which relief can be granted.  In the absence of at least one viable claim arising under federal law, Plaintiffs have failed to provide the Court with original jurisdiction.  *See* U.S. CONST., art. III, § 2; 28 U.S.C. §§ 1331 and 1367.  Accordingly, Plaintiffs' state law claims must be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

Based on the foregoing, it is

**ORDERED** and **ADJUDGED** that:

1. Plaintiffs' Amended Complaint (Doc. 18) is **DISMISSED** without prejudice;

---

[9]Count VII is specifically based on "Regulation Z" and Plaintiffs' "right of rescission." (Doc. 18, ¶¶ 104 and 115).

-7-

    2. By no later than **Monday, September 13, 2010**, Plaintiffs shall be given leave to file a second amended complaint; and

    3. If Plaintiffs fail to timely file a second amended complaint, the Clerk of the Court is directed to close the file.

    **DONE** and **ORDERED** in Chambers, Orlando, Florida on August 25, 2010.

Copies furnished to:

Counsel of Record  
Unrepresented Party

                                           **GREGORY A. PRESNELL**  
                                           **UNITED STATES DISTRICT JUDGE**